# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. 29,021**

**CANDACE ALVARADO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**CASTILLO, Judge.**

Defendant contends that the district court erred in denying Defendant's motion to dismiss for lack of a speedy sentencing. [DS 3] In this Court's notice of proposed

summary disposition we proposed to affirm. Pursuant to an extension granted by this Court, Defendant has timely responded with a memorandum in opposition. We have considered Defendant's arguments and, as we are not persuaded by them, we now affirm.

In evaluating a speedy sentencing claim, "we balance, in light of the facts and circumstances of the particular case, (1) the length of the delay, (2) the reasons for the delay, (3) the assertion of the right, and (4) prejudice to [the] defendant." *State v. Brown*, 2003-NMCA-110, ¶ 11, 134 N.M. 356, 76 P.3d 1113. "In considering each of these factors, we defer to the trial court's factual findings but review de novo the question of whether [the d]efendant's constitutional right was violated." *Id.*

Under the first prong of the speedy sentencing analysis, it appears that a period of thirty-three months elapsed between the time Defendant was found guilty on November 23, 2005, and the time that the judgment was entered on August 29, 2008. [RP 267] This amount of time is presumptively prejudicial, triggering an inquiry into the speedy sentencing factors. *See id.* ¶ 13. As the delay is so extensive, we conclude that the first factor, the length of the delay, weighs heavily against the State. As to the second prong, Defendant asserts that the delay was caused by the fact that she did not appear for her original sentencing hearing because her attorney had not informed her of the setting. [MIO 5] She argues that, under the third prong, she adequately

asserted her right to a speedy sentencing when her attorney argued for a dismissal at the July 15, 2008 hearing. [MIO 5] However, even if we agreed with Defendant that the second and third factors weighed against the State, we still would affirm because Defendant has not established prejudice.

As we explained in our notice of proposed summary disposition, in speedy sentencing cases, the fourth factor of undue prejudice requires a specific, factual showing that the prejudice to Defendant is "substantial and demonstrable." *Id.* ¶ 17 (internal quotation marks and citations omitted). This is because, in a speedy sentencing case, unlike in a speedy trial case, the fourth factor of prejudice is dispositive. *Id.* Actual prejudice must be shown because "most of the interests designed to be protected by the speedy trial guarantee diminish or disappear altogether once there has been a conviction, and the rights of society proportionately increase." *Id.* (alteration omitted). Here, Defendant asserts that she was prejudiced because if she had been sentenced in a timely manner, she would have finished serving her sentence earlier. [MIO 6] This assertion of prejudice is simply a reassertion of the fact of delay. We do not believe that this is the sort of substantial and demonstrable prejudice required by our case law, and accordingly we conclude that Defendant has not established actual prejudice.

Therefore, for the reasons stated in this opinion and in our notice of proposed

3

summary disposition, we affirm.

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**TIMOTHY L. GARCIA, Judge**